IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSHUA ALLEN**                                                      **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 1:25-cv-191-HSO-RPM**

**CITY OF LONG BEACH, MISSISSIPPI**                          **DEFENDANT**

**CITY OF LONG BEACH, MISSISSIPPI'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, City of Long Beach, Mississippi ("Defendant"), by and through undersigned counsel, in response to Plaintiff's Complaint, would show unto the Court the following:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Answering defendant specifically assert and invoke all the privileges available to them as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**THIRD DEFENSE**

Some or all of Plaintiff's claims may be barred by the doctrines of laches, unclean hands and/or estoppel.

**FOURTH DEFENSE**

Answering defendant denies that they have been guilty of any actionable conduct.

**FIFTH DEFENSE**

To the extent Plaintiff asserts any state law claims, answering defendant invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Plaintiff's Complaint fails to demonstrate that Plaintiff has been, in any way whatsoever, treated differently from other, similarly situated employees.

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

**COMPLAINT**

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1.

Answering defendant admits, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2.

Answering defendant admits that City of Long Beach, Mississippi is a governmental entity and may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1,

*et seq.* Answering defendant denies the remaining allegations of paragraph 2 of Plaintiff's Complaint, as stated.

3.

Without waiving any defenses, restrictions, limitations, or immunities, answering defendant admits this Court has jurisdiction over federal claims. Answering defendant admits venue is proper in this Court. Answering defendant denies the remaining allegations of paragraph 3 of Plaintiff's Complaint, as stated.

4.

Answering defendant would state Exhibits "A" and "B" attached to Plaintiff's Complaint speak for themselves. Answering defendant denies the remaining allegations of paragraph 4 of Plaintiff's Complaint.

5.

Answering defendant admits Plaintiff was employed by the defendant as a Fireman.

6.

Answering defendant denies the allegations of paragraph 6 of Plaintiff's Complaint, as stated.

7.

Answering defendant denies the allegations of paragraph 7 of Plaintiff's Complaint, as stated.

8.

Answering defendant denies the allegations of paragraph 7 of Plaintiff's Complaint, as stated.

9.

Answering defendant denies the allegations of paragraph 9 of Plaintiff's Complaint, as stated.

10.

Answering defendant admits Plaintiff filed a complaint with the EEOC. Answering defendant denies the remaining allegations of paragraph 10 of Plaintiff's Complaint.

11.

Answering defendant denies the allegations of paragraph 11 of Plaintiff's Complaint.

12.

Answering defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13.

Answering defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

As for the last unnumbered paragraph which commences "Plaintiff prays for…", answering defendant denies each and every allegation of this paragraph and affirmatively avers Plaintiff is not entitled to any relief whatsoever.

**EIGHTH DEFENSE**

Any and all employment actions taken/decisions made with respect to Plaintiff were made in good faith for legitimate, non-discriminatory reasons, and were not, in any way, based on any unlawful or discriminatory motive.

**NINTH DEFENSE**

Answering defendant are protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

**TENTH DEFENSE**

Answering defendant allege that it met or exceeded the requirements of law and due care, and that it is guilty of no acts or omissions which either caused or contributed to the incident in question.

**ELEVENTH DEFENSE**

Answering defendant allege Plaintiff's claims may be barred by, and answering affirmatively plead: accord and satisfaction, failure to mitigate, lack of standing arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, *res judicata*, statute of limitations, statute of fraud, abstention and any other matter constituting an avoidance or affirmative defense available to answering defendant.

**TWELFTH DEFENSE**

To the extent that Plaintiff has failed to mitigate his damages, he has no right to recover for the same.

## THIRTEENTH DEFENSE

Plaintiff failed to exhaust administrative remedies and, therefore, his claims are barred.

## FOURTEENTH DEFENSE

All or a portion of Plaintiff's claims under Title VII are barred by his failure to timely exhaust all available internal and external administrative remedies, including the timely filing of the requisite administrative charge with the Equal Employment Opportunity Commission.

## FIFTEENTH DEFENSE

Plaintiff is barred from raising any claim occurring more than 180 days prior to the filing of the EEOC charge in this case.

## SIXTEENTH DEFENSE

No causal link exists between any protected activity engaged in by Plaintiff and any unfavorable or adverse employment action against Plaintiff, and as such, Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTEENTH DEFENSE

Plaintiff failed to state a *prima facie* case under any of the claims or causes of action he has asserted; in the alternative, assuming Plaintiff has stated a *prima facie* case, all conduct and actions on the part of defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

## EIGHTTEENTH DEFENSE

Plaintiff's damages, if any, are barred because the alleged conduct of defendant was not the proximate cause of his alleged damages.

## NINETEENTH DEFENSE

Defendant's actions would have been the same regardless of Plaintiff's gender, race and/or religion.

## TWENTIETH DEFENSE

Any claims for emotional distress or mental injury allegedly resulting from Plaintiff's employment with answering defendant, or the termination of employment, are barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act.

## TWENTY-FIRST DEFENSE

Plaintiff's claims and/or potential damages recoverable under Title VII are subject to and limited by the statutory provisions of 42 U.S.C. §1981a.

## TWENTY-SECOND DEFENSE

Answering defendant denies Plaintiff is entitled to any relief. Alternatively, without admitting any wrongful conduct by answering defendant or any City employees, agents, or representatives, if the evidence determines that Plaintiff is entitled to back pay or front pay, answering defendant are entitled to an offset of amounts earned or which Plaintiff could have earned with reasonable diligence, short-term disability, long-term disability, workers' compensation, or unemployment benefits paid to Plaintiff.

## **TWENTY-THIRD DEFENSE**

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendant for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## TWENTY-FOURTH DEFENSE

Answering defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

And now, having answered the Complaint filed against it, answering defendant requests that the same be dismissed, and that the Complaint be discharged with costs assessed against the Plaintiff.

**DATE:** **August 19, 2025.**

                                                Respectfully submitted,

                                          **CITY OF LONG BEACH, MISSISSIPPI**

                                          BY: */s/William R. Allen*
                                                    One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
KEVIN J. WHITE (MSB#101619)
Butler Snow, LLP
1020 Highland Colony Parkway
Suite 1400
Tel: 601-948-5711
Fax: 601-985-4500
Email: will.allen@butlersnow.com
Email: kevin.j.white@butlersnow.com

**CERTIFICATE OF SERVICE**

I, the undersigned of Butler Snow, LLP, one of the attorneys for Defendant, hereby certify that I have filed the foregoing Answer with the Clerk of Court via the ECF system, which gave notification of the same to the following:

>Daniel M. Waide, Esq.
>Johnson, Ratliff & Waide, PLLC
>1300 Hardy Street
>Hattiesburg, MS 39401
>dwaide@jhrlaw.net
>   *Attorney for the Plaintiff*

This the 19th day of August, 2025.

>*/s/ William R. Allen*
>OF COUNSEL

97047057.v1